UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,          :
        :
        : **MEMORANDUM AND ORDER**
        : 06-cr-255 (DLI)
   -against-        :
        :
SHAHEED KHAN,          :
        :
       Defendant.      :
------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Defendant Shaheed Khan ("Defendant" or "Khan") filed the instant motion, pursuant to Rule 15 of the Federal Rules of Criminal Procedure, seeking (i) to depose certain prospective witnesses in Guyana who are unwilling or unable to travel to the United States to testify at trial; and (ii) an order requiring the United States of America (the "Government") to procure special visas for certain prospective Guyanese witnesses who lack visas and are willing to testify at trial. *See* Def. Mem. 16. The Government opposes this motion in its entirety. At an *ex parte* conference held on April 28, 2008 ("April 28, 2008 Ex Parte Conference"),[1] Defendant informed the court that, since filing the instant motion, all of the witnesses previously willing to travel are no longer willing to travel to the United States to testify. This development moots Defendant's request for travel visas and, as such, this opinion is limited to resolution of Defendant's request for Rule 15 depositions. For the reasons set forth below, Defendant's Rule 15 motion is granted.[2]

---

[1] This *ex parte* conference was held on the record and the stenographic transcript of the proceedings was sealed.

[2] To insure safety and security concerns for the prospective witnesses and other individuals discussed in the parties' motion papers, this Memorandum and Order redacts

1

# DISCUSSION

## I. Legal Standards for Rule 15 Motions

"A party may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). "The court may grant the motion because of exceptional circumstances and in the interest of justice." *Id*. The determination of whether to grant a Rule 15 motion is a matter of discretion. *See United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984). To succeed on a Rule 15 motion, the moving party must demonstrate that "(1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001); *see also United States v. Hajbeh*, 284 F. Supp. 2d 380, 382 n.10 (E.D.Va. 2003) (discussing the limited grounds for granting such motions and noting that depositions in criminal cases should not be used as "a method of pretrial discovery").

## II. Application

### A. Unavailability

As to the first factor, "[u]navailability is to be determined according to the practical standard of whether under the circumstances the [party seeking to make depositions pursuant to Rule 15] has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 708. All of the witnesses Defendant seeks to depose are foreign nationals who reside in Guyana and are beyond the court's subpoena power.[3] *See* 28 U.S.C. § 1783(a) (2008); *United States v. Haim*, 218

---

sensitive information. The court filed under seal and made available to the parties a Supplemental Memorandum and Order containing the sensitive information.

    [3]    The Government argues that residing outside the subpoena power of the court does not automatically render a witness unavailable for Rule 15 purposes, citing *United States v.*

F. Supp. 922, 926 (S.D.N.Y. 1963). At the time Defendant filed the instant motion, several of his prospective witnesses indicated a willingness to travel to the United States to testify. Since that time, two prospective witnesses indicated that they will no longer participate in the case at any level. The remaining eight prospective witnesses are now unwilling to travel to the United States. *See generally* April 28, 2008 Ex Parte Conf. Sealed Tr. They fear that testifying in the United States in this case will invite "politically-motivated reprisals against them." Simels Aff. ¶ 10 n.1. Indeed, it is for this reason that one prospective witness now refuses to participate in this case in any manner. *See* April 28, 2008 Ex Parte Conf. Sealed Tr. at 4:21-5:4. In addition to fear of reprisal, the prospective witnesses expressed other concerns related to travel to the United States. One witness refuses to travel to the United States as the witness has two young children and cannot leave them alone. Simels Affirm. ¶ 21. Another witness expressed similar familial concerns. *See* April 28, 2008 Ex Parte Conf. Sealed Tr. at 5:20-6:8. Finally, several of the witnesses refuse to travel because of potential criminal liability for their actions related to this case. *See id*. at 3:8-9. Under these circumstances, the prospective witnesses are unavailable to testify and Defendant has satisfied the first prong of Rule 15 analysis.

**B. Materiality**

Neither Rule 15 nor the Advisory Committee Notes define "materiality." Thus, "courts have assessed this prong of the 'exceptional circumstances' test in a variety of ways, asking, for example, whether the testimony is essential or critical to the defense, exculpatory or capable of negating an

---

*Stein*, 482 F. Supp. 2d 360, 364 (S.D.N.Y. 2007). Regardless of whether the Government's assertion is correct, Defendant articulated other considerations, as set forth in this paragraph, demonstrative of the witnesses' unavailability.

3

element of the government's case, or is instead cumulative or merely corroborative."[4]

*Hajbeh*, 284 F. Supp. 2d at 384 (internal citations omitted).

As a preliminary matter, the court's determinations herein as to the materiality of the testimony of prospective witnesses are based solely on defense counsel's representations. Whether the deposition testimony actually will be deemed material and admissible at trial is a different matter. Accordingly, the court reserves decision on the issue of whether any or all of the proposed deposition testimony actually will be permitted at trial.

### 1.     Alleged Hostility Between Khan and Alleged Co-conspirator 1

Defendant's motion is based, in part, on his speculation that the Government will contend at trial that he allegedly conspired with Co-Conspirators 1, 2, and 3, to import cocaine into the United States. Simels Aff. ¶ 6. To counter this contention, Defendant intends to present five prospective witnesses who will purportedly "testify that Khan and Co-Conspirator 1 had a hostile relationship—unrelated to any drug trafficking—throughout the period charged in Khan's indictment."[5] Simels Affirm. ¶ 9. According to defense counsel, the testimony of these prospective witnesses "would be inconsistent with testimony that Khan and [Co-conspirator 1] had a working

---

[4] The Government cites an Eleventh Circuit case for the proposition that testimony is material only if it is "highly relevant to a central issue in the case." *See United States v. Drogul*, 1 F.3d 1546, 1556 (11th Cir. 1993). In *Drogul*, the Eleventh Circuit held that, "[w]hen a substantial likelihood exists that the prospective deponents will be unavailable for trial and their testimony is highly relevant to a central issue in the case, justice generally requires preservation of that testimony." *Id.* at 1556-57. This finding does not necessarily posit the "highly relevant" language as the standard for materiality in general, and this court declines to apply that standard.

[5] Defense counsel has not provided affidavits from the prospective witnesses themselves. The Government argues that the court should deny Defendant's Rule 15 motion on this ground alone. The court declines to do so. *See United States v. Farfan-Carreon*, 935 F.2d 678, 680 (5th Cir. 1991) ("We find no requirement in the language of Rule 15 that the motion must be supported by an affidavit.")

relationship so as to be co-conspirators and would support the defense that [Co-conspirator 1's] hostile relationship with Khan gave [Co-conspirator 1] a motive to falsely identify Khan as the source of his or her cocaine so that anyone who might later cooperate—like [Co-conspirator 3]—would implicate Khan and not [Co-conspirator 1's] true source."[6] *Id.* Defense counsel further states that the testimony of these five prospective witnesses "may be the only means by which Khan can meet the claim that he was [Co-conspirator 1's] co-conspirator." *Id.*

Defense counsel did not state that he was unable to locate witnesses subject to the United States' subpoena power who could provide same, or similar, testimony. Additionally, it is questionable whether this evidence counters the Government's contention. The Government correctly notes that the existence of hostility between alleged co-conspirators does not necessarily vitiate the possibility of a conspiracy between them. The members of a conspiracy need not have worked together, or even known one another. *See United States v. Coonan*, 938 F.2d 1553, 1560-61 (2d Cir. 1991) (demonstrating that violent internal disputes and membership changes do not negate the ongoing existence of a criminal enterprise). This issue affects the weight the fact finder should assign this evidence, not its materiality. The court will leave the question of how much weight to attribute to the alleged hostility between Khan and Co-conspirator 1 to the fact finder.

---

[6] The Government contends that testimony pertaining to Co-conspirator 1's statements constitutes inadmissible hearsay. *See* Fed. R. Evid. 802. Defense counsel counters that the statements do not constitute hearsay as they are "not being offered for the truth of the matter asserted, but to show the state of mind—the hostile state of mind—of [Co-conspirator 1] or the defendant," pursuant to Federal Rule of Evidence 803(3). Def. Reply Mem. at 9. The court accepts defense counsel's representations for the limited purpose of deciding the instant motion, but reserves decision on the admissibility of the prospective witnesses' deposition testimony at trial.

The government contends that deposing five individuals as to the alleged hostility between Co-conspirator 1 and Khan will be unnecessarily cumulative. Defendant asserts that testimony corroborating a defendant's version of the events is not needlessly cumulative. *See United States v. Onumono*, 967 F.2d 782, 787 (2d Cir. 1992). The court notes that, ultimately, corroboration by five witnesses on the alleged hostility might be unnecessarily cumulative; however, Defendant has articulated the need to depose witnesses in Guyana on this and other issues. In the court's view, it will not be an undue burden or expense on the parties to depose additional, albeit potentially cumulative witnesses on this issue, once already in Guyana. The court concludes that testimony concerning the alleged hostility is material,[7] and reserves its determination on the cumulative nature of the testimony until completion of the depositions.

2.      **Witnesses to Challenge Testimony of Cooperating Witness 1 ("CW 1")**

Defendant anticipates that the Government will call CW 1 as a witness at trial. According to Defendant, CW 1 pled guilty, pursuant to a cooperation agreement, to conspiracy to import cocaine into the United States. Simels Affirm. ¶ 20. CW 1 testified, on the government's behalf, at another trial in this district. Defense counsel anticipates that the Government will argue from CW 1's testimony (assuming CW 1 testifies in this case) that Khan was the source of the cocaine at issue at that trial. Simels Affirm. ¶ 20. Defendant wishes to depose two witnesses, both of whom purportedly will "contradict the testimony of [CW 1] . . . in several material respects." Simels

---

[7] To the extent that Defendant seeks to depose the prospective witnesses concerning Guyanese political rivalries, Defendant failed to demonstrate that such testimony is material to the central issue of the case, *i.e.*, whether Defendant was the leader of a continuing criminal enterprise that trafficked in drugs. Accordingly, the court does not grant Defendant permission to depose prospective witnesses under Rule 15 for the purpose of eliciting such testimony.

6

Affirm. ¶¶ 21-22. Defense counsel provided the court with the details of this evidence at the April 28, 2008 Ex Parte Conference. Purportedly, one witness has personal knowledge of the significance and meaning of certain entries in drug ledgers seized by the government and can identify the author of those entries. Simels Affirm. ¶ 22. The court finds that the proposed testimony may be material.

### 3. Other Issues

Finally, defense counsel seeks to depose witnesses on a few additional issues. Defense counsel proposes to present the deposition of one witness to refute "the statements or acts of [Co-conspirator 2] as the statements or acts of Khan's co-conspirator." Simels Affirm. ¶ 19. The witness purportedly will testify that [Co-conspirator 2] denied to him or her that Khan was involved in [Co-conspirator 1's] drug business. Defendant intends to present this testimony to attack Co-conspirator 2's credibility. The court notes that this testimony is hearsay; however, the testimony might be admissible under Rule 806 of the Federal Rules of Evidence. As such, this evidence will not, at present, be excluded on hearsay grounds.

Two prospective witnesses also purportedly will testify that, to their knowledge, several people in Guyana use the "nickname" "Shortman" and/or "Bossman," aliases which are ascribed to Khan in the indictment. *See* Simels Affirm. ¶¶ 12-13. This testimony, too, may be material.

### C.     Necessity of Proposed Testimony to Prevent Failure of Justice

The final factor—the necessity of the testimony to prevent a failure of justice—is likely satisfied when the first two factors are met. *United States v. Moon*, 93 F.R.D. 558, 559 n.1 (S.D.N.Y. 1982) (citing 8 James Wm. Moore et al., Moore's Federal Practice ¶ 15.02(1) (2d ed. 1980)). By satisfying the first, two factors, Defendant satisfied this final factor. Accordingly, Defendant demonstrated the three requirements necessary for granting depositions in Guyana

pursuant to Rule 15 for eight witnesses.

### D. Security Concerns

The Government contends that the safety risks associated with travel to Guyana by United States officials merits denial of Defendant's motion. See *United States v. Omene*, 143 F.3d 1167, 1169 (9th Cir. 1998). Safety concerns are particularly important in this case, *see* Anon. Jury Op., May 13, 2005 (Docket Entry No. 125); however, Defendant suggested precautions that should alleviate these concerns. Defendant suggests, and this court agrees, that conducting the depositions at the United States Embassy in Guyana and providing security escorts for the Government at the airport should decrease safety risks. Alternatively, the parties could conduct video depositions. In light of the possible accommodations, the court does not view security risks as an impediment to taking these depositions.

## CONCLUSION

For all of the foregoing reasons, Defendant's Rule 15 motion is granted. Eight witnesses may be deposed pursuant to Rule 15.

SO ORDERED.

DATED:    Brooklyn, New York
              June 2, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge