UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,  :
                                                         :     **MEMORANDUM AND ORDER**
          -against-                         :     06-cr-255 (DLI)
                                                         :
SHAHEED KHAN,  :
                                                         :
                    Defendant.              :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Before the court is the government's motion *in limine* requesting permission to admit certain uncharged acts into evidence at trial. Defendant opposes the government's request in its entirety, contending that the alleged uncharged conduct is irrelevant, unsupported by the evidence, and unduly prejudicial. The court heard oral argument on the instant motion and requested that the government submit an *ex parte* affidavit detailing its proof of the alleged uncharged acts, which the government promptly submitted. For the reasons set forth more fully below, the government's motion is granted in part and denied in part.

## BACKGROUND

Defendant is a Guyanese national charged in an eighteen-count indictment with distribution, importation, and possession of cocaine and engaging as a principal administrator, organizer, and leader of a continuing criminal enterprise in the Eastern District of New York and elsewhere. Defendant allegedly headed a powerful, violent, cocaine trafficking organization out of Georgetown, Guyana. Defendant faces a maximum sentence of life imprisonment if convicted. The government seeks to admit evidence of uncharged crimes that allegedly occurred in Guyana including: (i) threats made to Elizabeth Persaud by defendant's alleged co-conspirators, (ii) seizure of Devendra Persaud's

1

vehicle by defendant's alleged co-conspirators as payment for a drug-related debt Devendra Persaud allegedly owed defendant, and (iii) defendant's alleged responsibility for the murders of Devendra Persaud and Donald Allison. The government contends that this uncharged conduct is admissible either as direct evidence of the charged continuing criminal enterprise, and particularly of defendant's leadership of the charged narcotics organization, or as "other act" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

## DISCUSSION

**I.     Legal Standards**

Evidence of uncharged criminal conduct is relevant and potentially admissible under two doctrines. First, evidence of uncharged criminal conduct is relevant if the uncharged conduct "arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *See United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *accord United States v. Miller*, 116 F.3d 641, 682 (2d Cir. 1997) (affirming the admission of uncharged murders against a defendant charged with murder and RICO violations as the uncharged conduct was "proof of the existence of the RICO enterprise . . . which used such acts of violence in furtherance of its narcotics conspiracy"); *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994) ("When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself."). Second, evidence of uncharged criminal conduct is relevant and admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" under Rule 404(b) of the Federal Rules of Evidence. F.R.E. 404(b).

2

The court finds that the uncharged criminal conduct that the governments seeks to admit is relevant as part of the crimes charged. Intimidation, violence, and the payment of debts is generally understood to be intertwined with the management and operation of narcotics conspiracies and these uncharged acts demonstrate defendant's alleged leadership role. The court finds these acts relevant as they are intertwined with the charged crimes. The court need not address the government's alternative theory of relevance, *i.e.*, evidence of "other acts" under Rule 404(b). *See Miller*, 116 F.3d at 682 (distinguishing between uncharged conduct that is intertwined with charged conduct and uncharged conduct that is admissible under Rule 404(b)).

It is important to note, however, that not all relevant evidence is admissible. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403. It is this second hurdle for admissibility—Rule 403 balancing—that is the true issue at hand; namely, whether the court should permit the admission of uncharged, primarily violent conduct, against a defendant who is not charged with any crimes of violence, intimidation, or violence. Upon weighing the probative value and risk of prejudice of admitting these uncharged crimes, the court must preclude any uncharged conduct that is unduly prejudicial to such a defendant. Moreover, in doing so, the court should consider the sufficiency of the government's proof.

**II.** **Application**

    **A.** **Threats to Elizabeth Persaud**

Evidence of threats may be "extremely probative"; however, "the potential for inflaming the jury may be great." *See United States v. Tracy*, 12 F.3d 1186, 1195 (2d Cir. 1993) (affirming the

admission of death threats against a defendant who served as the "enforcer" for a narcotics trafficking conspiracy). In such a case, if the probative value is particularly high, a judge can remedy potential prejudice with a limiting instruction. *Id*. In this case, the probative value of the threat made to Elizabeth Persaud is high. It indicates the defendant's leadership role, as well as his participation, knowledge, and involvement in a drug conspiracy. The risk of prejudice does not substantially outweigh the probative value. A proper limiting instruction will lessen the prejudice of this evidence. Further, the government correctly noted that defendant is not charged with mere possession or distribution, or as a courier or low level criminal operative; rather, he is charged as a leader of a continuing criminal enterprise, conviction of which carries a mandatory life sentence. (Gov't Reply at 5-6.) Due to the nature of this charge, it is not unreasonable to infer that jurors might assume the existence of at least some violence. The evidence the government intends to offer as proof of this uncharged conduct is sufficient and the court holds that the evidence of threats made to Elizabeth Persaud is admissible.

### B. Murders of Devendra Persaud and Donald Allison

Whether to admit evidence of uncharged murders against a defendant who is not charged with any crimes of violence, intimidation, or firearms is a matter of first impression in this circuit. The government cites to several cases outside of this circuit in which such evidence was admitted. (Gov't Reply at 4-9.) These opinions are of little precedential value. The courts in this circuit have repeatedly expressed disapproval of the admission of uncharged criminal conduct that is "more serious than the charged crime." *See, e.g.*, *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (affirming the admission of uncharged conduct and finding "no undue prejudice under Rule 403; the evidence did not involve conduct more serious than the charged crime and the district court gave a

4

proper limiting instruction"). As acknowledged above, violence is inherent to the charges defendant faces. However, evidence of an uncharged murder is highly prejudicial. In this case, the government seeks to admit what appears to be circumstantial evidence of two uncharged murders. The probative value gained—proof of defendant's leadership role—is substantially outweighed by the risk of undue prejudice. The court holds that the government is precluded from admitting evidence of defendant's alleged responsibility for the murders of Devendra Persaud and Donald Allison.

### C. Seizure of Devendra Persaud's Vehicle

Proof of defendant's seizure of Devendra Persaud's vehicle as payment for a drug debt is probative of the existence of a conspiracy between defendant and Devendra Persaud, and defendant's participation, knowledge, and leadership of that conspiracy. The risk of prejudice is minimal as it does not involve conduct more serious than that charged and a limiting instruction could lessen the prejudice. While this uncharged conduct passes the Rule 403 balancing test, the nature of the government's proof is problematic. In its supplement to the instant motion, the government indicated that, to establish this uncharged conduct, it would rely, in part, on statements that Devendra Persaud (since deceased) made to cooperating witnesses. These hearsay statements implicate defendant's Confrontation Clause protections, as set forth in *Crawford v. Washington*, 541 U.S. 36 (2004). The government contends that the statements are admissible, under Rule 804(b)(6) of the Federal Rules of Evidence, as Persaud is unavailable to testify due to defendant's ordering of his death. In certain circumstances, such as when a defendant procures the unavailability of a government witness, a defendant waives the right to confrontation by his or her own misconduct. *Cf. United States v. Stewart*, 485 F.3d, 666, 672 (2d Cir. 2007) (citing *United States v. Mastrangelo*, 693 F.2d 269, 272 (2d Cir. 1982)). Based on the type of evidence proffered by the government as

5

proof of the defendant's involvement in the theft of Devendra Persaud's vehicle, the court reserves decision on the admissibility of the theft until there is an opportunity during the trial to conduct an evidentiary hearing on the sufficiency of the government's proof and contention that the defendant forfeited his Confrontation Clause protections with respect to this witness. If, at that time, the court determines that the defendant has waived his right to Confrontation by misconduct, the court will permit the government to admit evidence of the car theft.

## CONCLUSION

For the reasons set forth above, the government's motion *in limine* requesting permission to admit certain uncharged criminal conduct is granted only to the extent that evidence of threats to Elizabeth Persaud is admissible, and is denied as to the murders allegedly orchestrated by defendant. The court reserves decision as to defendant's seizure of the Persaud vehicle.

SO ORDERED

DATED:  Brooklyn, New York
         December 15, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge