UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :     **SUMMARY ORDER**
          -against-                        :     06-cr-255 (DLI)
                                           :
SHAHEED KHAN,                              :
                                           :
          Defendant.                       :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Previously, the court granted defendant's motion to the take depositions of eight witnesses who live in Guyana pursuant to Rule 15 of the Federal Rules of Criminal Procedure. (*See* Docket Entry No. 132.) The court assumes familiarity with this opinion. Complying with the court's standing request that it be apprised of the progress in taking the depositions, defendant apprised the court and the government that he intends to take the depositions of only two witnesses, Elizabeth Persaud and Dion Coates. (*See* Def. Letter Mar. 8, 2009, Docket Entry No. 216.) The government challenges these depositions on variety of new and old grounds (*see* Gov't Letter Mar. 9, 2009, Docket Entry No. 217), which the court now addresses.

**DISCUSSION**

The government's objection to the two depositions defendant seeks is overruled as the court previously deemed them permissible. Moreover, the court has often requested that defense counsel narrow its requests. Defendant has done so. Clearly the depositions of two witnesses as opposed to that of the previously authorized eight witnesses is manageable, even at this stage in the case. Further, the case cited by the government in opposition to these depositions is inapposite. In the case at bar, defense counsel moved for leave to conduct the depositions in February 2008. After

1

supplemental briefing, the court issued its opinion permitting the depositions of eight witnesses on June 2, 2008. At that time, the trial was scheduled to commence in October 2008. Some of the delay here is attributable to the indictment of defendant and two of his prior attorneys on witness tampering charges. The remainder of the delay is attributable to the Guyanese judicial process. Accordingly, the court declines the government's invitation to reconsider its decision granting defendant's Rule 15 motion.

The court denies the government's request to preclude the taking of the depositions during the week of March 30, 2009. The Guyanese court will not rule on the letters rogatory until March 16, 2009. It is unrealistic to expect the parties to take the depositions any earlier. Moreover, while the parties will be in the process of reviewing juror questionnaires in relation to the jury selection process, no court appearances are presently required of the parties during the week of March 30, 2009 in this case. Thus, the court directs the parties to conduct the depositions on March 30, 2009 and March 31, 2009, if additional time is needed. The court notes in this regard that the defense has consented to the government's request that at least two consecutive days will be allotted for the taking of the depositions.

Finally, the court agrees with defense counsel that magistrate judges are not empowered to rule dispositively on objections to testimony in criminal cases. *See* Fed. R. Crim. Pro. 59. In any event, while the court might be able to refer such a matter, the process for appealing a magistrate judge's ruling is impractical as it would interfere with the trial schedule. The parties should be prepared to address the government's request that I preside over the depositions at the March 19, 2009 status conference. As pointed out by defense counsel, there may be an issue with a United States district judge presiding over proceedings conducted in Guyana.

The government's remaining requests are moot as defendant either agreed to provide the government with the requested information or has already done so.

**CONCLUSION**

For the reasons set forth above, the requests contained in the government's letter are denied either on the merits or as moot. The parties are directed to conduct the depositions on March 30, 2009 and March 31, 2009. The court will rule on whether it will preside over the depositions at the March 19, 2009 status conference. The parties should come to the status conference prepared to articulate their position.

SO ORDERED

DATED:     Brooklyn, New York
             March 11, 2009

                                        _____/s/_____
                                                   DORA L. IRIZARRY
                                           United States District Judge